(C.D. 4011)

THALSON CO. v. UNITED STATES

United States Customs Court, First Division

(Decided May 1, 1970)

*Stein & Shostak* (*S. Richard Shostak* of counsel) for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Harold L. Grossman* and *Peter Jay Baskin,* trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: This case involves the question as to the proper tariff rate to be assessed on electric toothbrushes that were imported from Japan and entered for consumption at San Francisco in October 1963. The articles were classified by the customs authorities as "other brooms and brushes: tooth brushes" under item 750.40 of the Tariff Schedules of the United States (19 U.S.C. § 1202), and were assessed with duty at 0.8 cent each plus 17 percent ad valorem.

Plaintiff claims that the importations are precluded from classification under item 750.40 by virtue of schedule 7, part 8, subpart A, headnote 1(i), and that they are properly dutiable at 12 percent ad valorem under item 683.32 as other electro-mechanical appliances with self-contained electric motors, of types used in the household.[1]

Quoted below are the relevant provisions of the tariff schedules that were in effect in October 1963 when the articles were imported:

Classified under:

Schedule 7, Part 8, Subpart A:

Combs, Hair Ornaments, Brooms and Brushes, Paint Rollers
1. This subpart does not include—
 (i) mechanical combs, brooms, or brushes, or combs, brooms, or brushes which are parts of articles other than toilet articles;

\* \* \* \* \* \* \*

Other brooms and brushes:

| | | |
|---|---|---|
| 750.40 | Tooth brushes_____ | 0.8¢ each + 17% ad val. |

---

[1] Alternatively, plaintiff claims that the articles are dutiable at 11.5 percent under item 688.40 as electrical articles, not specially provided for.

Claimed under:

> Vacuum cleaners, floor polishers, food grinders, and mixers, juice extractors and other electro-mechanical appliances, all the foregoing with self-contained electric motors, of types used in the household, hotels, restaurants, offices, schools, or hospitals (but not including factory or other industrial appliances or electro-thermic appliances), and parts thereof:

 \* \* \* \* \* \* \*

683.32 Other _____ 12% ad val.

Alternative claim:

688.40 Electrical articles, and electrical parts of articles, not specially provided for_____ 11.5% ad val.

The imported articles consist of electric toothbrushes, with self-contained battery-operated motors. Each electric toothbrush is an entity consisting of a motor unit and four interchangeable brush heads, and each is similar in nature and use to a cord electric toothbrush. Like a cord electric toothbrush, the importation is a toilet article that is used primarily in the household; also it is mechanical since each toothbrush has movable parts which transmit motion to the brush head and cause it to vibrate during use. In short, the article with which we are concerned is a "mechanical brush" within the meaning of headnote 1(i) of schedule 7, part 8, subpart A.

This brings us to the issue in the case—whether, at the time of their entry, the "mechanical" toothbrushes in question were excluded from classification under item 750.40 of the tariff schedules by virtue of schedule 7, part 8, subpart A, headnote 1(i).

By way of background, it is to be observed that this court has held that electric toothbrushes similar in all material respects to the present articles were properly classified by the government under the provision of paragraph 1506 of the Tariff Act of 1930 covering "tooth brushes." *Kaysons Import Corp.* v. *United States*, 56 Cust. Ct. 146, C.D. 2622 (1966). However, unlike the 1930 act, the tariff schedules in effect at the time of the present importations in October 1963 specifically provided in headnote 1(i) that subpart A *"does not include mechanical* combs, brooms, or *brushes,* \* \* \*." [Emphasis added.] The best evidence of the meaning of a statute is, of course, the language of the statute itself—and at the time of importation and the classification of the articles in question, the language of headnote 1(i) was clear and unambiguous in excluding mechanical brushes from subpart A—the subpart in which item 750.40, covering toothbrushes, appears. Nor is there anything in the legislative history

to the contrary. In fact, the *Tariff Classification Study* makes no reference whatever to headnote 1(i), let alone to its scope.

What is more, to construe item 750.40 as covering electric toothbrushes in 1963 would be contrary to Congress' own understanding, as expressed in the legislative history of section 77 of Public Law 89–241, 79 Stat. 933—the Tariff Schedules Technical Amendments Act of 1965—which amended headnote 1(i) to read as follows—effective December 7, 1965:

> 1. This subpart does not include—
>
> (i) mechanical combs, brooms, or brushes (*other than combs or brushes which are toilet articles*), or combs, brooms, or brushes which are parts of articles (other than toilet articles).[2]

The report of the House Committee on Ways and Means to accompany the original bill referred to the proposed amendment to headnote 1(i) (then Sec. 65) as follows (H. Rep. No. 342, 89th Cong., 1st Sess. (1965), p. 44):

### SECTION 65. ELECTRIC TOOTHBRUSHES

#### 1. *Treatment under the old tariff schedules*

Electric toothbrushes were subject to duty as toothbrushes under paragraph 1506 of the old tariff schedules at the rate of 0.8 cent each plus 17 percent ad valorem.

#### 2. *Treatment under the tariff schedules of the United States*

In the TSUS item 750.40 continues for toothbrushes the rate previously imposed under paragraph 1506, but headnote 1(i) for schedule 7, part 8, subpart A, provides that such subpart does not include "mechanical combs, brooms, or brushes." This headnote was designed to exclude from this subpart mechanical devices (other than toilet articles) such as might be used, for example, industrially or in street sweeping. It is understood that electric toothbrushes are being classified as electromechanical appliances in item 683.32 at the rate of 12 percent ad valorem.

#### 3. *Proposed changes*

Section 65 of the bill would amend headnote 1(i) for schedule 7, part 8, subpart A, to provide that all combs and brushes, whether or not mechanical, which are toilet articles would be classified in the provisions of this subpart.

In the report of the Senate Committee on Finance to accompany the Tariff Schedules Technical Amendments Act (S. Rep. No. 530, 89th Cong., 1st Sess. (1965), p. 33), the amendment to headnote 1(i) (then Sec. 79) was described as follows:

---

[2] The italicized portion is the new language that was added by the 1965 amendment.

*Section 79. Electric toothbrushes.*—This section insures that electric toothbrushes and other mechanical combs and brushes which are toilet articles will be classified as toilet articles. In the case of electric toothbrushes this restores the old compound rate of 0.8 cent each plus 17 percent ad valorem (instead of 12 percent as an electromechanical appliance).

This review of the legislative history of the amendment to headnote 1(i) shows (1) that an error was made in the original tariff schedules in excluding electric toothbrushes from item 750.40; (2) that these articles were being classified as electro-mechanical appliances under item 683.32 of the tariff schedules; (3) that Congressional action was necessary to change this situation; and (4) that the amendment of the headnote did not merely clarify what was already within subpart A but was necessary to "restore," effective December 7, 1965, the rate applicable to electric toothbrushes under the Tariff Act of 1930 to the electric toothbrushes which were being assessed with duty as electro-mechanical appliances. Furthermore, since the "subsequently enacted statute includes language which did not appear in an earlier act, it is a legislative admission that the language of the earlier statute * * * [did not] include the matter added." *Westfeldt Brothers* v. *United States,* 36 Cust. Ct. 112, 118, C.D. 1760 (1956). See also e.g., *John Horvath Company* v. *United States,* 59 Cust. Ct. 397, 404, C.D. 3174 (1967).

It is, of course, fundamental that the articles must be classified under the tariff provision in effect at the time of importation—October 1963—and not under the amendment enacted by Public Law 89-241. E.g., *Express Forwarding & Storage Co., Inc.* v. *United States,* 60 Cust. Ct. 511, 520, C.D. 3445 (1968). And at the time of importation it must be concluded, for the reasons previously set out, that the electric toothbrushes in question were excluded from classification under item 750.40 by virtue of headnote 1(i). Accordingly, we hold that the government's classification under that item was in error.

Turning now to plaintiff's affirmative claim, it is clear—and defendant does not argue otherwise—that the electric toothbrushes in issue constitute electro-mechanical appliances within the meaning of item 683.32. See *J. E. Bernard & Co., Inc.* v. *United States,* 60 Cust. Ct. 296, C.D. 3372, 282 F. Supp. 476 (1968). For the articles are mechanical, have a self-contained electric motor, are actuated electrically, and are of the type used in the household. They are, therefore, classifiable under that item (683.32) rather than under item 688.40, as alternatively claimed by plaintiff. This is because item 683.32 covering electromechanical appliances is obviously more specific than item 688.40 which covers electrical articles not specially provided for.

The protest is sustained and judgment will be entered accordingly.