The WESTMINSTER CORP.

v.

UNITED STATES.

C.D. 4687;  Court No. 73–7–01717.

United States Customs Court.

Jan. 31, 1977.

Donohue & Donohue, New York City (James A. Geraghty, New York City, of counsel), for plaintiff.

Rex E. Lee, Asst. Atty. Gen., Washington, D. C. (Bruce M. Mitchell, trial attorney, New York City), for defendant.

FORD, Judge:

This matter is before the court by virtue of a motion for summary judgment made by plaintiff pursuant to rule 8.2 of the rules of this court. Defendant filed a cross-motion for summary judgment and for dismissal of protest 1303–2–000623 as to certain entries as being filed more than 90 days after the date of liquidation. Plaintiff then requested and the court granted a motion for oral argument. The issue for determination is the proper classification of certain vinyl uppers, intended for use and actually used as footwear for children after being subjected to manufacturing which is described *infra*. Customs classified the merchandise under item 772.30 of the Tariff Schedules of the United States as wearing apparel not specially provided for, of rubber or plastics. Plaintiff contends said merchandise to be properly subject to classification under item 700.55, TSUS, as modified by T.D. 68–9, as footwear having uppers of rubber or plastics. Alternatively plaintiff claims under item 791.25, TSUS, as modified, *supra,* as leather cut or wholly or partly manufactured into forms or shapes suitable for conversion into footwear, by virtue of the similitude provision set forth in item 798.00, TSUS, or under item 774.60, TSUS, as modified, *supra,* as articles not specially provided for, of rubber or plastics.

The pertinent statutory provisions involved are as follows:

General Headnotes and Rules of Interpretation:

10. General Interpretative Rules. For the purposes of these schedules—

\* \* \* \* \* \* \*

(c) an imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it \* \* \*;

\* \* \* \* \* \* \*

(h) unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished;

Tariff Schedules of the United States:

SCHEDULE 7.—SPECIFIED PRODUCTS; MISCELLANEOUS AND NON-ENUMERATED PRODUCTS

PART 1.—FOOTWEAR; HEADWEAR AND HAT BRAIDS; GLOVES; LUGGAGE, HANDBAGS, BILLFOLDS, AND OTHER FLAT GOODS

Subpart A.—Footwear

\* \* \* \* \* \* \*

Footwear (whether or not described elsewhere in this subpart) which is over 50 percent by weight of rubber or plastics or over 50 percent by weight of fibers and rubber or plastics with at least 10 percent by weight being rubber or plastics:

\* \* \* \* \* \* \*

Other footwear (except footwear having uppers of which over 50 percent of the exterior surface area is leather):

| | |
|---|---|
| 700.55 | Having uppers of which over 90 percent of the exterior surface area is rubber or plastics (except footwear having foxing or a foxing-like band applied or molded at the sole and overlapping the upper) ............ 6% ad val. |

\* \* \* \* \* \* \*

PART 12.—RUBBER AND PLASTICS PRODUCTS

Subpart C.—Specified Rubber and Plastics Products

\* \* \* \* \* \* \*

| | |
|---|---|
| 772.30 | Wearing apparel (including rainwear) not specially provided for, of rubber or plastics ..... 12.5% ad val. |

\* \* \* \* \* \*

Subpart D.—Articles Not Specially Provided For, of Rubber or Plastics

Articles not specially provided for, of rubber or plastics:

\* \* \* \* \* \* \*

| | |
|---|---|
| 774.60 | Other ................. 8.5% ad val. |

\* \* \* \* \* \*

PART 13.—PRODUCTS NOT ELSEWHERE ENUMERATED

Subpart B.—Articles of Fur and of Leather

\* \* \* \* \* \* \*

Leather cut or wholly or partly manufactured into forms or shapes suitable for conversion into footwear:

\* \* \* \* \* \* \*

791.25    Other ................. 5% ad val.

\* \* \* \* \* \* \*

PART 14.—NONENUMERATED PRODUCTS
Any article, not provided for else-
where in these schedules:

Which is similar in the use to
which it may be applied to
any article or articles enu-
merated in any of the fore-
going provisions of these
schedules as chargeable
with duty:

798.00      Most resembling as to
use a particular enu-
merated article charge-
able with duty ...... The same rate
of duty as the
particular
enumerated
article which
it most re-
sembles as
to use

Plaintiff has abandoned the following en-
tries covered by two of the protests origi-
nally filed herein:

entry 125473 of protest 1303–3–000158
entry 131240 of protest 1303–2–000623
entry 140613 of protest 1303–2–000623
entry 141134 of protest 1303–2–000623
entry 141135 of protest 1303–2–000623
entry 141137 of protest 1303–2–000623
entry 141158 of protest 1303–2–000623
entry 141164 of protest 1303–2–000623
entry 141165 of protest 1303–2–000623

Claims relating to these entries having
been abandoned are hereby dismissed.

The parties are in agreement that there
are no triable issues of fact. This matter is
therefore ripe for summary judgment. The
facts agreed upon are as follows:

1. The articles of merchandise, in
their condition as imported, are in chief
value of plastics materials.

2. The articles were used by plaintiff
at its shoe factory in Westminster, Mary-
land in the manufacture of footwear.

3. After importation, the articles were
subjected to the following processes:

a) a counter pocket was sewn thereon;
b) a box toe was affixed thereto;
c) the articles were bonis stitched;
d) a plastic sole and heel were injection
molded;
e) an innersole was inserted.

4. The articles as imported were miss-
ing box toes, soles, heels, and innersoles
which were added before the merchandise
was ready for polishing and packing.

■ The primary issue presented is
unique inasmuch as the classification is un-
der item 772.30, *supra,* as wearing apparel,
which defendant contends encompasses
parts. Plaintiff contends said merchandise
is footwear under item 700.55, *supra,* either
as parts or unfinished. Neither item con-
tains a parts provision. It is self-evident
without the necessity of resorting to dic-
tionary definitions that footwear is a form
of wearing apparel for the feet. This court
in *Bata Shoe Co., Inc. v. United States,* 6
Cust.Ct. 50, C.D. 423 (1941) held wearing
apparel to be a use provision. This being so
it naturally follows that wearing apparel
for the feet, i. e., footwear, is likewise a use
provision. The provision for footwear be-
ing more specific than wearing apparel
should prevail under General Interpretative
Rule 10(c) if properly subject to classifica-
tion in either provision. Even if this were
not the case, under the same conditions, the
provision for footwear would necessarily
prevail by virtue of the fact that wearing
apparel contains an n.s.p.f. clause while the
provision for footwear does not. Under
settled case law the presence of an n.s.p.f.
clause makes said provision less specific in
the absence of a contrary legislative intent.
*United States v. Lansen-Naeve Corp.,* 44
CCPA 31, C.A.D. 632 (1957); *United States
v. Alltransport, Inc.,* 44 CCPA 149, C.A.D.
653 (1957); *Jack and Jill Togs, Inc. v. Unit-
ed States,* 47 CCPA 149, C.A.D. 749 (1960).

The inclusion of parts of wearing apparel
in *Bata* relied upon by defendant is not
controlling in the instant case. The provi-
sions of paragraph 919 of the Tariff Act of
1930 involved therein provided "manufac-
tured \* \* \* in part" whereas item 772.-
30 does not include such language. In *Bata*
the finding of the court was not as parts of
wearing apparel but as "cotton wearing
apparel manufactured in part."

■ Similarly *Jack Bryan, Inc. v. United
States,* 72 Cust.Ct. 197, C.D. 4541 (1974)

relied upon by defendant as being directly in point is also distinguishable. The finding in *Bryan* was wearing apparel unfinished and unassembled which is included under item 772.30 by virtue of General Interpretative Rule 10(h). The court therefore finds no support to permit a holding of parts of wearing apparel.

■ As indicated, *supra,* neither item 772.30 nor item 700.55, *supra,* contains a parts provision. It is well settled law that an *eo nomine* provision which does not specifically provide for parts does not include parts. See *A Manual of Customs Law* by Ruth F. Sturm, *Murphy & Co. et al. v. United States,* 13 Ct.Cust.Appls. 256, T.D. 41201 (1925); *United States v. Draeger Shipping Co.,* 18 CCPA 308, T.D. 44561 (1931); *Herman Miller Clock Co. v. United States,* 22 CCPA 332, T.D. 47363 (1934); *United States v. Lyons Transport,* 45 CCPA 104, C.A.D. 681 (1958). As far as can be ascertained by research including legislative history there appears to be no similar findings with respect to use provisions. The court is of the opinion that where a provision does not contain a "parts clause" whether it be *eo nomine* or use, parts may not be included thereunder. Congress might well in enacting this legislation have provided for parts in either provision if it had so intended. It did not.

■ The next question for consideration is whether the imported merchandise consists of unfinished footwear. In *Authentic Furniture Products, Inc. v. United States,* 61 CCPA 5, C.A.D. 1109 (1973) the appellate court held that parts of an article may be classified as an unfinished article only when the imported pieces constituted a substantially complete article. In the case at bar as indicated, *supra,* the additional work and materials necessary for a complete shoe are substantial. Accordingly, the uppers involved herein do not constitute an unfinished article under either item 772.30 or 700.55, *supra.* The cases relied upon by plaintiff, *Abercrombie & Fitch Co.,* 10 Cust.Ct. 382, Abs. 47958 (1943) and *Hurricane Import Co. et al. v. United States,* 58 Cust.Ct. 541, C.D. 3046 (1967) do not support its contention. In both cases the paragraphs involved contained a provision for parts as well as one for partly finished items set forth in the respective provisions.

■ Plaintiff's alternative claim under item 791.25, *supra,* by virtue of item 798.00, *supra,* as leather manufactured into forms or shapes suitable for conversion into footwear by similitude is likewise not applicable.

■ The law under prior acts is well settled that an article is enumerated if it comes within a class made dutiable by the terms of the act including basket clause provisions in the same manner as if it were provided for *eo nomine. United States v. Cochran & Co.,* 3 Ct.Cust.Appls. 57, T.D. 32349 (1912); *United States v. Wecolite,* 45 CCPA 54, C.A.D. 672 (1958); *S.S. Kresge Co., et al. v. United States,* 46 CCPA 100, C.A.D. 707 (1959); *Atlantic Linen Importing Co. v. United States,* 62 Cust.Ct. 725, C.D. 3854 (1969). It is to be noted the language of similitude provisions in the Tariff Act of 1930 and TSUS is not identical. In fact the change of language is significant.

The language of such provisions is as follows:

Paragraph 1559, Tariff Act of 1930:
* * * That each and every imported article, *not enumerated in this Act* * * shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles * * *. [Emphasis supplied.]

Item 798.00, TSUS:
Any article, *not provided for elsewhere in these schedules* : Which is similar * * to any article or articles enumerated in any of the foregoing provisions of these schedules * * *. [Emphasis supplied.]

Paragraph 1559 utilizes the phrase "not enumerated in this Act" while item 798.00 provides for "not provided for elsewhere in these schedules." While the case law under the language of paragraph 1559, *supra,* would exclude the application of similitude in a situation such as is involved herein the present language of item 798.00 is even

stronger and will also prohibit the application of similitude. The language "not provided for" is a broader phrase than "not enumerated" and would also include a basket provision if there were not a specific provision for the article itself. Therefore the similitude provision is not applicable herein.

■ The court agrees with the parties that if the classification is incorrect and the primary and secondary claims of plaintiff are denied then the proper classification is under item 774.60.

Accordingly, plaintiff's motion for summary judgment, to the extent indicated above, is granted. In all other respects, plaintiff's motion and defendant's cross-motion are denied.

Judgment will be entered accordingly.