E. R. SQUIBB & SONS, INC.

v.

UNITED STATES.

C.D. 4705; Court No. 73-9-02547.

United States Customs Court.

July 1, 1977.

Shaw & Stedina, New York City (Charles P. Deem, New York City, of counsel), for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C. (Jerry P. Wiskin, New York City, trial atty.), for defendant.

NEWMAN, Judge:

The within action was previously before this court on cross-motions for summary judgment, which were denied without prejudice. *E. R. Squibb & Sons, Inc. v. United States*, 75 Cust.Ct. 193, C.R.D. 75–7 (1975). After a trial herein the case was submitted for decision.

The issue concerns the proper tariff classification for certain merchandise imported from Switzerland in 1970, described on the commercial and special customs invoices as "Broxodent devices (electric toothbrushes)". These devices were classified by the regional commissioner of customs at the port of New York under the provision in item 750.-40, TSUS, as modified by T.D. 68–9, for "Tooth brushes", and duty was assessed at the rate of 0.56 cent each plus 11.5 per centum ad valorem. Plaintiff claims that

the merchandise is properly dutiable under the provision in item 688.40, TSUS, as modified by T.D. 68–9, for "Electrical articles, and electrical parts of articles, not specially provided for", at the rate of 8 per centum ad valorem, or alternatively under the provision in item 678.50, TSUS, as modified by T.D. 68–9, for "Machines not specially provided for, and parts thereof" at the rate of 7 per centum ad valorem.*

For the reasons indicated herein, I have concluded that the Broxodent devices were properly classified by the customs officials, and accordingly judgment will be entered for the defendant.

## THE RECORD

The following undisputed facts were set forth in my prior opinion (75 Cust.Ct. at 194):

The imported article is a power unit for plaintiff's "Broxodent" electric toothbrush. Such power unit consists of a case containing an electric motor, an electric cord, a switch for turning the motor on and off, and a component designed to hold a brush. However, brushes were not included in the importation. The brush portion of the Broxodent electric toothbrush is not permanently affixed to the power unit, but rather is replaceable and interchangeable with other brushes designed to be affixed to the power unit. The brush component comprises approximately one percent of the value of the entire Broxodent electric toothbrush, and may be purchased at retail separately from the power unit.

At the trial, plaintiff introduced in evidence the oral testimony of three witnesses and nine exhibits, including a representative sample of the merchandise. The entry papers were received without specific marking. Additionally, the parties stipulated "that with respect to a unit comprised of one of the imported articles, and one brush, the cost of the brush represents approximately one percent of the cost of that complete unit to Squibb" (R.11).

---

* At trial, plaintiff abandoned an alternative claim under item 683.32, TSUS, and amended

its complaint to include the alternative claim under item 678.50, TSUS (R. 3–4).

The record establishes the following additional facts:

Plaintiff sold the Broxodent electric toothbrush to the retail trade as either a "standard" or "deluxe" model. The "standard" model included: a Broxodent device, four brushes and a wall bracket; while the "deluxe" model included: the Broxodent device, six brushes, a wall bracket and a vinyl travel case. Replacement or refill brushes were sold separately for the Broxodent devices, but the latter were not sold separately except in instances where the warranty on a defective device had expired or the device had been abused by the user. Both the Broxodent device and a brush are essential components of plaintiff's electric toothbrush. The brushes used in conjunction with the Broxodent device are interchangeable and are individually colored "so as to make them readily identifiable for use by individual members of the family" (R.31). Finally, the Broxodent device has an electric motor which generates electricity to two steel bars attached to the sides of the motor, creating a magnetic action "for counterpoising magnets in the center of the unit" (R.27). This magnetic action polarizes the two magnets.

## OPINION

Defendant contends that the Broxodent device are classifiable under item 750.40 by virtue of General Interpretative Rule 10(h), which reads as follows:

(h) unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished.

Plaintiff, on the other hand, argues that the imports are not "unfinished" toothbrushes, but are merely parts of electric toothbrushes which, in the absence of any specific provision therefor in item 750.40, are properly dutiable under either item 688.40 or 678.50.

Since the *eo nomine* provision for toothbrushes in item 750.40 is plainly more specific than the basket provisions in items 688.40 and 678.50, the threshold issue posed is whether the Broxodent devices were properly classified as unfinished toothbrushes by virtue of Rule 10(h).

In my prior opinion, I discussed *Authentic Furniture Products, Inc. v. United States*, 486 F.2d 1062, 61 CCPA 5, C.A.D. 1109 (1973), *aff'g* 343 F.Supp. 1372, 68 Cust.Ct. 204, C.D. 4362 (1972), wherein the application of Rule 10(h) to unassembled pieces of furniture was considered. There, unassembled pieces for wooden bunk beds, which did not include the side rails (regarded as essential parts of bunk beds), were held by a majority of the Court of Customs and Patent Appeals to be properly classified as *parts of furniture* under item 727.40, TSUS, as modified, rather than as *unfinished furniture* under item 727.35, TSUS, as modified, pursuant to Rule 10(h). Chief Judge Markey, writing for the majority of a divided court, agreed with the First Division of this court that the "substantially complete" test was the proper criterion for distinguishing between parts of an article and an unfinished article for purposes of Rule 10(h), and concluded that "the absence of a substantial or essential part precludes classification as the unfinished article itself" (486 F.2d at 1064, 61 CCPA at 7).

Relying heavily upon *Authentic Furniture*, plaintiff contends that the absence of the brushheads (which are claimed to be essential parts of electric toothbrushes) precludes classification of the Broxodent devices as unfinished toothbrushes.

Although conceding that brushes are essential components of complete electric toothbrushes (but denominating them as "accessories"), defendant insists that *Authentic Furniture* is distinguishable from the present case. I agree.

In *Authentic Furniture*, the competing provisions were on the one hand "parts of furniture", and on the other hand "furniture" (unfinished by virtue of Rule 10(h)). In view of the specific provision for parts of furniture, the Customs Court and the Court of Customs and Patent Appeals were faced with the necessity of making a distinction between unassembled "parts" of furniture

and "unfinished" furniture without effectively eliminating the specific parts provision.

Thus, Judge (now Chief Judge) Re, writing for the First Division of this court, pointed out that the specific tariff provision for parts of furniture under a superior heading covering "furniture and parts thereof"—

> * * * is an unequivocal and significant *reflection of legislative intent.* Consequently, to classify as furniture a substantially incomplete article consisting only of parts, *would render ineffectual the express provision for "parts of furniture".* [Emphasis added.] [343 F.Supp. at 1377, 68 Cust.Ct. at 210.]

Moreover, Judge Re opined (343 F.Supp. at 1380, 68 Cust.Ct. at 215):

> That parts of an article are classifiable as the article itself only if the article, as imported, is substantially complete, appears to be a reasonable application of General Interpretative Rule 10(h). *Any other construction of Rule 10(h) would have the effect of repealing a specific provision which expressly provides for a different rate of duty for parts than the article itself.* * * * [Emphasis added.]

Chief Judge Markey eschewed the "dedication to use" test applied in certain cases, noting that such test "makes no distinction whatsoever between the unfinished article and parts *thereof*" (486 F.2d at 1064, 61 CCPA at 7). (Emphasis added.)

Significantly, it must be recognized there is no express provision in the tariff schedules for *parts of toothbrushes* which would be rendered ineffectual by classifying the imports as unfinished toothbrushes. Rather, the competition is between an *eo nomine* provision for toothbrushes (unfinished) and the basket provisions in items 688.40 and 678.50. Under these circumstances, I am persuaded that the rationale of *Authentic Furniture* is not dispositive here.

The short of the matter is that Rule 10(h) must be applied in light of the competing provisions and the merchandise involved. Since there is no express tariff provision for parts of toothbrushes and, according to the stipulation of the parties, the brushheads comprise 1 percent of the cost of a complete unit, I am of the opinion that for purposes of Rule 10(h), the Broxodent devices are substantially complete toothbrushes. If on the other hand plaintiff's position were upheld, it would then logically follow that an electric toothbrush lacking merely *bristles* of negligible value could not be regarded as a substantially complete toothbrush because bristles are an essential part of a toothbrush. A dash of reality, of course, is useful. Hence, in view of Rule 10(h), it is inconceivable that Congress would have intended an incongruous result.

Congress has clearly manifested its intent that electric toothbrushes be classified under item 750.40, TSUS. See section 77 of Public Law 89–241, 79 Stat. 933 (the Tariff Schedules Technical Amendments Act of 1965, effective December 7, 1965); H.Rep. No.342, 89th Cong., 1st Sess. (1965), p. 44; S.Rep.No.530, 89th Cong., 1st Sess. (1965), p. 33; U.S.Code Cong. & Admin.News 1965, p. 3416; *Thalson Co. v. United States,* 64 Cust.Ct. 418, C.D. 4011 (1970). Moreover, Rule 10(h) is demonstrative of the congressional intent that incomplete articles may be classified under the provision covering the complete article. The Broxodent device, which requires only a cheap interchangeable brush to be a complete electric toothbrush, would seem to be a classic example of the type of merchandise for which Rule 10(h) was intended to be applied.

In support of its position, defendant cites *F. W. Myers & Co., Inc. v. United States,* 425 F.2d 781, 57 CCPA 87, C.A.D. 982 (1970). In *Myers,* the question presented was whether the importations were properly classified by the customs officials as unfinished railroad tank cars by virtue of Rule 10(h) or were dutiable as containers, as claimed by plaintiff. In that connection, the Appellate Court stated (425 F.2d 784, 57 CCPA 91):

> * * * Viewing the merchandise as imported, it is our opinion that it constituted rolling stock with *the appearance and most of the apparatus* of a completed

railroad tank car, sufficiently advanced toward completion as a railroad tank car that it was dedicated to that use and properly classified as an unfinished railroad tank car under item 690.15 by virtue of Interpretative Rule 10(h) TSUS. [Emphasis added.]

Looking at the representative sample, exhibit 4, I have no doubt that the Broxodent device possesses "*the appearance and most of the apparatus* of a completed * * * [electric toothbrush], sufficiently advanced toward completion as * * * [an electric toothbrush] that it was dedicated to that use * * *". (Emphasis added.) The motor, wiring, switch, plug and cord are all present in the device; only an interchange-able brush of nominal value is lacking to make a complete electric toothbrush.

For the reasons indicated, I conclude that the merchandise described on the invoices as "Broxodent devices (electric toothbrushes)" were properly classified by the regional commissioner of customs at the port of New York under item 750.40, TSUS, pursuant to Rule 10(h). Accordingly, plaintiff's action is dismissed and judgment will be entered for the defendant.