**GLASS PRODUCTS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Court No. 84–1–00001.

United States Court of
International Trade.

April 8, 1986.

Ross & Hardies (John B. Pellegrini), New York City, for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C.; Joseph I. Liebman, New York City, Attorney in Charge, International Trade Field Office; Michael P. Maxwell, Dep't of Justice, Civil Division, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

RE, Chief Judge:

The question presented in this case pertains to the proper classification, for customs duty purposes, of certain merchandise imported from Mexico, and described on the customs invoices as "crystal votives" or "cristal votives."

The merchandise was classified by the Customs Service as household articles of glass, under item 546.60 of the Tariff Schedules of the United States (TSUS). Consequently, it was assessed with duty at the rate of 30 per centum ad valorem.

Plaintiff protests this classification and contends that the merchandise is properly classifiable under item A548.05, TSUS, as articles of glass not specially provided for, free of duty under the Generalized System of Preferences. Plaintiff has conceded, however, that entry numbers 304099, 304159, 353365, and 353372, are not entitled to duty-free treatment under item A548.05,

TSUS, because it has not been supplied the appropriate documentation.

The pertinent statutory provisions of the tariff schedules are as follows:

Classified Under:

Schedule 5, Part 3, Subpart C:

> Articles chiefly used in the household or elsewhere for preparing, serving, or storing food or beverages, or food or beverage ingredients; . . . household articles, and art and ornamental articles, all the foregoing not specially provided for:
>
> . . . .
>
> Other glassware:
>
> . . . .
>
> Other:

546.60   Valued over $0.30 but not over
$3 each .................... 30% ad val. [emphasis added].

Claimed Under:

Schedule 5, Part 3, Subpart D:

> Articles not specially provided for, of glass:
>
> . . . .

A548.05   Other ........................ 10.3% ad val. [1982]
[9.6% in 1983].

The question presented is whether, within the meaning of the competing tariff provisions, the imported merchandise is dutiable as household articles of glass, as classified by Customs, or as glass articles not specially provided for, as claimed by plaintiff. In order to decide this issue, the Court must consider "whether the government's classification is correct both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878, *reh'g denied*, 739 F.2d 628 (Fed Cir.1984); *see E.R. Hawthorne & Co. v. United States*, 730 F.2d 1490, 1490 (Fed.Cir.1984). The Court has approved a stipulation of the facts, and the parties have submitted the action for decision in lieu of trial.

The Court has carefully examined the merchandise, the stipulated facts and supporting papers, the pertinent tariff provisions, and the relevant case law. It is the determination of the Court that plaintiff has satisfied its burden of establishing that the government's classification is wrong, and that its claimed classification is correct. *See* 28 U.S.C. § 2639 (1982); *Jarvis Clark Co.*, 733 F.2d at 878.

The imported articles consist of closed-bottom candle receptacles of glass. They are imported in a variety of shapes, sizes, and colors, and are commercially known as votive cups or votive lights. Each votive has a lug which projects from its bottom, which enables the cups to be inserted into a candleholder, sconce, or other holder. It has been stipulated that the imported merchandise is chiefly used in households as parts of decorative articles of metal, plastic, or wood. It is further stipulated that the votives are neither freestanding nor self-supporting, and are incapable of any practical use in their condition as imported.

■ The tariff provision for household articles, item 546.60, TSUS, under which the imported votives were classified, does not provide for parts. *See L & B Products Corp. v. United States*, 70 Cust.Ct. 30, 32, C.D. 4404 (1973). It is well established that a tariff provision which does not specifically provide for parts does not include them. *See, e.g., United States v. Bruckmann*, 65 CCPA 90, 95, C.A.D. 1211, 582 F.2d 622, 625 (1978); *The Westminster Corp. v. United States*, 78 Cust.Ct. 22, 26, C.D. 4687, 432 F.Supp. 1055, 1058, *appeal dismissed*, 64 CCPA 179 (1977). For example, in *Henry A. Weiss, Inc. v. United States*, 79 Cust.Ct. 6, C.D. 4706 (1977), the question presented pertained to the classification of parts of a practical joke article, which were classified by Customs as "[t]oys and parts of toys, not specially provided for ... Other," under item 737.90, TSUS. Plaintiff contended, *inter alia*, that the imported parts were properly classifiable under item 737.65, TSUS, as "practical joke articles." The court explained that "[f]or customs classification purposes, parts of an article, and the article itself, are deemed to be separate and distinct articles." *Id.* at 8. Thus, the court concluded that, since the provision for practical joke articles did not specifically provide for parts, the imported parts could not be classified under that item. Accordingly, the court held that the merchandise had been properly classified as "parts of toys," under item 737.90, TSUS. *Id.* at 13.

In its brief, the government acknowledges that "it is well established that an *eo nomine* provision which does not specifically provide for parts does not include parts." Nevertheless, it argues that the general rule is inapplicable to the "broad descriptive provision" for household articles. Defendant attempts to show that the cases relied upon by plaintiff are not persuasive or controlling because they were decided under paragraph 218 of the Tariff Act of 1930. There is no indication, however, that, in enacting the TSUS, the legislature intended to abandon the well-established principle that parts must be specifically mentioned to be classified under a particular tariff item. Indeed, courts which have construed the term household articles under the TSUS have examined cases decided under prior acts for guidance. *See, e.g., Riekes Crisa Corp. v. United States,* 84 Cust.Ct. 132, C.D. 4852 (1980); *L & B Products Corp. v. United States,* 70 Cust.Ct. 32, C.D. 4404 (1973).

The *Tariff Classification Study* makes clear that the TSUS eliminated the product distinctions between the separate provisions for "kitchen and table articles and utensils" and "household articles" other than kitchen and table articles and utensils. *See Tariff Classification Study,* Sched. 5, at 142 (1960). Moreover, in *Riekes Crisa Corp. v. United States,* it was determined that "there is no basic distinction between the provisions for 'blownglass household articles' in paragraph 218(f) of the Tariff Act of 1930" and the provision for "household articles" which is contained in the TSUS. 84 Cust.Ct. at 134. It is not inappropriate, therefore, for the Court to refer to cases decided under earlier tariff acts to ascertain the meaning of the TSUS provision for household articles.

In *William Adams, Inc. v. United States,* 56 Cust.Ct. 429, C.D. 2670 (1966), plaintiff challenged the classification of glass plates or dishes. The plates had a small hole "drilled through the bottom at the center [which served] as a means for fitting metal bases or other attachments." The glass plates, which were determined to be parts of household articles, possessed "no independent function and logically would not be substituted for household glassware without holes." *Id.* at 437. Customs classified the imported merchandise as household or table articles under paragraph 218(f) of the Tariff Act of 1930. Plaintiff claimed that the merchandise was classifiable either as manufactures of glass, not specially provided for, or as articles in chief value of glass, other than household table, or kitchen articles. The court stated:

> The imported items of glass, although in the form of candy dishes, cake plates, etc., are designed specifically to be used with various metal bases and columns. They function in the household, not as imported, but as units, attached to and assembled with other substantial components. They possess no independent function and logically would not be substituted for household glassware without holes.
>
> . . . .
>
> The law is clear that where there is no provision for "parts" of articles, whether the tariff provision be *eo nomine* or use in character, imported merchandise held to be "parts" will not be susceptible of classification thereunder.

*Id.* at 437. Consequently, the court sustained the protests, and held that the imported merchandise was properly classifiable as "other glass articles."

The *Adams* rationale was followed in *Hudson Merchandise Co. v. United States,* 58 Cust.Ct. 341, C.D. 2980 (1967). In the *Hudson* case, the imported merchandise consisted of parts of small, hourglass-shaped sandtimers. The customs officials classified the merchandise as glass household articles. Plaintiff protested this classification, and claimed that the merchandise was properly classifiable as "manufactures of glass, not specially provided for." *Id.* at 342. The merchandise was not "usable in the home without the addition of plastic stands, housings or similar units." The imported glass article represented "but a portion of the thing described in the

collector's classification." *Id.* at 344. Thus, in view of its finding that "the glass items form complete and independent parts of articles used in the home," the court held that "the collector's classification of the imports as household articles [was] erroneous inasmuch as the applicable modified provision of paragraph 218(f) [did] not provide for parts of the merchandise described." *Id.* at 346. Ultimately, the court ordered the merchandise reclassified pursuant to the residuary provision of paragraph 218(f) as "other glass articles." *See* 59 Cust.Ct. 67, 68, C.D. 3075 (1967).

Defendant contends that the decision in *L & B Products Corp. v. United States,* 70 Cust.Ct. 30, C.D. 4404 (1973), supports the determination of the Customs Service. In the *L & B Products* case, glass jars imported from Canada without lids were classified as "Articles [of glass] chiefly used in the household or elsewhere for preparing, serving, or storing food or beverages," under item 546.52, TSUS. Plaintiff contended that the imported glass articles were "not articles chiefly used in the household or elsewhere ... but [were] merely parts of such articles, to wit, parts of sugar dispensers or salt and pepper shakers." *Id.* at 31. Plaintiff also relied on the *William Adams* and *Hudson Merchandise* cases for the proposition that "[s]ince the classifying provision for articles chiefly used in the household does not make provision for parts of such articles ... as a matter of law, the imported glass articles [were] not classifiable under TSUS item 546.42." Defendant contended that the imported merchandise were not parts but were unfinished glass articles.

The *L & B Products* court stated that "whether the imported glass articles be considered 'parts' of articles chiefly used in the household or elsewhere or 'unfinished' articles chiefly used in the household or elsewhere is not the decisive question or issue...." *Id.* at 33. The court viewed the issue as one of proof; that is, plaintiff had shown only that the jars were not used as sugar dispensers or salt and pepper shakers. Plaintiff had not demonstrated that the glass jars were not chiefly used in

the household. Significantly, the court noted that "Plaintiff's evidence is palpably weaker than the evidence in [*William Adams* and *Hudson Merchandise* ]." Hence, the court held that plaintiff had failed to overcome the presumption of correctness that attached to Customs' classification.

In this case, the level of proof is demonstrably different from the *L & B Products* case. There is no dispute that the merchandise is incapable of use in its condition as imported. In addition, it has been stipulated by the parties that the merchandise is used in households as *parts* of decorative articles of metal, plastic, or wood. Item 546.60, TSUS does not provide for parts of household articles. *See L & B Products Corp. v. United States,* 10 Cust.Ct. 30, 32, C.D. 4404 (1973).

None of the cases cited by defendant support its contention that the provision for household articles encompasses the imported merchandise. Defendant argues that the imported votive cups are articles used in the home, and, therefore, have been properly classified. Yet, it is stipulated, and an examination of the merchandise shows, that the votive cup is merely *a part* of decorative articles used in the home. The applicable precedents make clear that a glass article which can be used only as a part of another article used in the home cannot be classified as a household article. *See Hudson Merchandise Co., supra,* 58 Cust.Ct. at 344. Thus, the Court holds that the votives have been improperly classified under item 546.60, TSUS. The Court also holds that the merchandise should be classified as articles of glass not specially provided for, pursuant to item 548.05, TSUS.

Finally, it should be noted that plaintiff has conceded that this Court lacks jurisdiction over entry numbers 353364, 353365, and 353367, because the protests were filed more than 90 days after the entries were liquidated. Consequently, the protests pertaining to entry numbers 353364, 353365, and 353367, are dismissed. Likewise, plaintiff has conceded that the merchandise covered by entry numbers 304099, 304159, and

353372 are not entitled to duty-free treatment. Hence, the merchandise for these entries are dutiable at the applicable rate of duty for the year of entry.

 In view of the foregoing, it is the determination of the Court that the imported merchandise was improperly classified under the provision for household articles. The Court has also determined that the merchandise is properly classifiable as glass articles not specially provided for, under item 548.05, TSUS. Judgment for plaintiff will issue accordingly.