(C. D. 798)

JACK SCHAEFER, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 23, 1943)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

WALKER, Judge: This case involves the classification for duty assessment purposes of certain articles which are described on the invoice as "football cases." They were assessed with duty at the rate of 25 per centum ad valorem under the provision in paragraph 1531 of the Tariff Act of 1930, as modified by the British Trade Agreement reported in T. D. 49753, for "manufactures of leather * * * or of which leather * * * is the component material of chief value, not specially provided for * * *" and are claimed to be properly dutiable at only 20 per centum ad valorem under the provision in paragraph 1502 of the same act, as modified by the said trade agreement, for "balls, finished or unfinished, not specially provided for, primarily designed for use in physical exercise (whether or not such exercise involves the element of sport) * * *."

A sample of the imported article is before us as exhibit 1. The invoice description as a "case" appears to be apt in that the article consists of a leather case for a round ball, about 6½ inches in diameter. It is very sturdily made, and has provision for the insertion of a lace, and according to the evidence it is necessary to punch a hole therein for the valve type bladder used by the United States trade, rough up the inside of the leather, insert the bladder, cement it into shape, and

then lace the outside, in order to make a usable ball, called a "Kik-Ball," which is apparently a trade name. A sample of the "Kik-Ball" is in evidence as illustrative exhibit A.

Another type ball, made in much the same way except that it has a long rubber tether attached to it, is also made with the use of the imported article. This is called a "Teth-R-Ball," and a sample is in evidence as illustrative exhibit B.

It is the contention of the plaintiff that the article in issue is an unfinished ball and in support thereof it is pointed out that it is cut and prepared so as to be definitely and irrevocably designed and shaped for the exclusive use in making balls, and that the evidence shows that the materials remaining to finish the balls are of a negligible nature.

We do not think the record bears out this latter statement. It appears that the imported article costs approximately 45 to 50 cents each, while the articles used in finishing exhibit 1 to the form of the "Kik-Ball" cost 18 cents, and to the form of the "Teth-R-Ball" cost 23 cents. These are not "negligible," but rather substantial, costs of materials.

The position of the Government is that the article at bar is not an unfinished ball, but merely a part of a ball, and as such not provided for under paragraph 1502, *supra*. This position receives considerable support from the later decided cases on the subject. In T. D. 47961, *General Sports Mfg. Co.* v. *United States*, a majority of the First Division of this court held that certain leather football cases were properly classified under paragraph 1531, *supra*, rather than as unfinished footballs under paragraph 1502, *supra*. Incorporated as part of the record in that case was the record in the case of *May Co.* v. *United States*, T. D. 46650, which contains a review of the cases involving the question under both the Tariff Act of 1930 and the Tariff Act of 1922, which contained substantially the same provisions.

In the course of the majority opinion in the *May Co.* case the writer, McClelland, J., pointed out that rubber bladders for footballs and basketballs when imported separately from the leather cases in which they might ultimately be placed had been held to be properly dutiable as manufactures of rubber rather than unfinished footballs or basketballs, and went on to say—

\* \* \* if such classification and consequent assessment of duty on rubber bladders was warranted, how may it be said that leather cases in which it is designed to place such rubber bladders are unfinished footballs? It is a significant fact that the language of the paragraph providing for the assessment of duty on footballs, finished or unfinished, does not provide for parts of footballs, which leather football cases unquestionably are.

We think it is apparent that balls such as those in question are commonly composed of two major parts, a case and a bladder, neither of which may be said to be, *per se*, an unfinished ball. It is only when

the two are joined that such an article comes into being. Until that time they are merely parts of balls.

Judgment will therefore issue overruling the protest.