**No. 54254.**—Twin Pin Co. of U. S. A., Inc. *v.* United States, protest 131420–K (Providence).

MOLLISON, Judge: This protest relates to merchandise described on the invoice as "Wooden Clothes Pin Bottom Parts" and as "Wooden Clothes Pin Top Parts." The parts referred to were assessed with duty at the rate of 33⅓ per centum ad valorem under the provision in paragraph 412 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 412) for—

* * * manufactures of wood * * *, or of which wood * * * is the component material of chief value, not specially provided for * * *.

They are claimed to be properly dutiable at the rate of 10 cents per gross under the provision in the same paragraph and act, as modified by the trade agreement with Mexico, reported in T. D. 50797, for "Spring clothespins."

From the evidence adduced at the trial it appears that the imported merchandise consisted of sets of wooden parts, three in each set, used in the manufacture by a process of assembly in the United States of a patented type of spring clothespin. In the completed clothespin a fourth part, a spring wire with multiple bends, was used. The wire was not imported, but was of American manufacture.

No brief was filed by counsel for the plaintiff, but it is obviously plaintiff's theory that as imported the merchandise consisted of knocked-down clothespins requiring only assembly of the imported parts in the United States to make them clothespins such as are provided for in paragraph 412, *supra*. A case, *Hawaii Seishu Kwaisha* v. *United States*, 36 Treas. Dec. 575, T. D. 38065, is cited in plaintiff's protest, wherein it was held that wooden staves, bottoms, and tops of tubs, imported in knocked-down condition for convenience in transportation, were entireties and subject to duty as such. It is a familiar doctrine in custcms law that parts of articles which are imported in an unassembled or knocked-down condition and which require only assembly to be made into complete articles are dutiable as entireties. *Pan American Airways, Inc.* v *United States*, 16 Cust. Ct. 134, C. D. 1000, and cases cited therein.

The parts of spring clothespins here involved, however, do not fall within that situation, for there is missing from the aggregate, as imported, a substantial and essential part of the completed clothespin, viz, the bent spring wire. Under the circumstances, the imported parts are merely parts of spring clothespins for which there is no more specific provision than that under which they were classified, i. e., manufactures of wood, not specially provided for.

The protest claim is therefore overruled, and judgment will issue accordingly.

### CONCURRING OPINION

COLE, Judge: My views set forth in *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175, questioning the jurisdiction of the division to decide a case somewhat similar to these proceedings, continue as the minority expression from the division. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the court is dependent upon my participation in a decision of the same. Adhering, however, to my views expressed in the *Bush* case, *supra*, but for the purpose of expediting the work of the court, I am joining my colleagues in the disposition of this case, and concur in the opinion and judgment attached thereto.