**E. R. SQUIBB & SONS, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 77–27.**

United States Court of Customs
and Patent Appeals.

June 1, 1978.

Shaw & Stedina, New York City, attorneys of record, for appellant; Charles P. Deem, New York City, of counsel.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., David M. Cohen, Chief, Customs Section, Jerry P. Wiskin, New York City, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

This appeal is from the judgment of the United States Customs Court, 79 Cust.Ct. 1,

C.D. 4705, 432 F.Supp. 1354 (1977), which dismissed an action challenging the classification of certain imported merchandise as "Tooth brushes" under item 750.40, TSUS, and claiming classification as "Electrical articles, and electrical parts of articles, not specifically provided for" under item 688.40, TSUS, or alternatively as "Machines not specially provided for, and parts thereof" under item 678.50, TSUS. We affirm.

The merchandise was denominated on the commercial and special customs invoices as "Broxodent devices (electric tooth brushes)." They are, in essence, complete, hand-held power units adapted to receive a detachable brush; the brushes, however, were not included in the importation. Appellant markets the merchandise, together with, *inter alia*, brushes as the "Broxodent" electric toothbrush.

The competing provisions of the Tariff Schedules, with rates in effect at the time of importation are:

General Interpretative Rule 10(h):

[U]nless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished[.]

Classified Under:

SCHEDULE 7.—SPECIFIED PRODUCTS; MISCELLANEOUS AND NONENUMERATED PRODUCTS
Part 8. Combs; Hair Ornaments; Brooms and Brushes; Paint Rollers; Umbrellas and Canes

Subpart A.—Combs, Hair Ornaments; Brooms and Brushes, Paint Rollers

Subpart A headnotes:

1. This subpart does not include—

(i) mechanical combs, brooms, or brushes (other than combs or brushes which are toilet articles), or combs, brooms, or brushes which are parts of articles (other than toilet articles):

\* \* \* \* \* \* \*

Other brooms and brushes:

750.40   Tooth brushes . . . 0.56¢ each + 11.5% ad val.[1]

Claimed Under:

SCHEDULE 6.—METALS AND METAL PRODUCTS

Part 5.—Electrical Machinery and Equipment

---

1. Rates of duty as modified by T.D. 68–9.

Part 5 headnotes:

    1.  This part does not cover—

\*   \*   \*   \*   \*   \*   \*

        (vi) electrical instruments and apparatus provided for in schedule 7.

\*   \*   \*   \*   \*   \*   \*

688.40  Electrical articles, and electrical parts of articles, not specifically provided for ...............8% ad val.[2]

Alternatively Claimed Under:

    SCHEDULE 6.—METALS AND METAL PRODUCTS

        Part 4.—Machinery and Mechanical Equipment

    Part 4 headnotes:

        1.  This part does not cover—

\*   \*   \*   \*   \*   \*   \*

        (v) articles and parts of articles specifically provided for elsewhere in the schedules.

\*   \*   \*   \*   \*   \*   \*

    Subpart H.—Other Machines

\*   \*   \*   \*   \*   \*   \*

678.50  Machines not specially provided for, and parts thereof ............7% ad val.[3]

The Customs Court perceived the threshold issue as whether the "Broxodent" devices were properly classified as unfinished toothbrushes by virtue of Rule 10(h); if they were, the court opined, classification in item 750.40, TSUS, was proper since an *eo nomine* provision for toothbrushes is more specific than the "basket" provisions in items 688.40, TSUS, and 678.50, TSUS. On this issue, the Customs Court held that the "Broxodent" devices were properly denominated as unfinished toothbrushes. It reasoned that since a brush comprises one percent of the cost to appellant of a complete unit ("Broxodent" device + one brush), and since all that is required to make the "Broxodent" device a complete electric toothbrush is the brush, for the purpose of Rule 10(h) the "Broxodent" devices are "substantially complete" electric toothbrushes.

## OPINION

In determining whether the "Broxodent" device should be classified as a toothbrush, unfinished, by virtue of Rule 10(h), the Customs Court applied a substantiality test, viz., if the imported merchandise is a substantially complete article then it should be classified as the article itself. Appellant, relying on *Authentic Furniture Products, Inc. v. United States*, 486 F.2d 1062, 61 CCPA 5, C.A.D. 1109 (1973), asserts that the Customs Court erred in this regard and that the correct test is the substantial or essential test, viz., if the imported merchandise lacks a substantial or essential part then it cannot be classified as the article itself. Since a brush is a concededly essential component of a complete electric toothbrush, appellant views *Authentic Furniture* as dictating a reversal of the Customs Court. We disagree.

    In *Authentic Furniture*, unassembled pieces of wooden bunk beds, which did not include the siderails, were classified by the customs officials and the lower court as parts of furniture under item 727.40, TSUS, as modified. Appellant therein claimed classification as unfinished furniture, pursuant to Rule 10(h), under item 723.35, TSUS, as modified. A majority of this court, *supra* 486 F.2d at 1063, 61 CCPA at 6, agreed with the lower court that the "substantially complete" test was the proper criterion for distinguishing between parts of an article and the unfinished article for the purpose of Rule 10(h). However, the majority also indicated that "the absence of a substantial or essential part precludes classification as the unfinished article itself," *supra*, 486 F.2d at 1064, 61 CCPA at 7. The Customs Court construed *Authentic Furniture* as requiring this latter test to be applied only in the situation where there is a competing parts provision, as was the case in *Authentic Furniture*. Without commenting on the situation where there is a competing parts provision, suffice it to say that in the present case, where there is no such competing provision, the Customs Court's application of the substantiality test was proper.

    The absence of an essential part, while certainly a *relevant factor* to be considered in determining whether the imported merchandise is a substantially complete article, does not, *ipso facto*, preclude classification as the article itself. The majority

---

**2.**  See note 1, *supra*.

**3.**  See note 1, *supra*.

in *Authentic Furniture* viewed the absence of siderails, which were essential parts in the sense of making the bunk beds usable to the ultimate consumer, *i. e.*, functional essentiality, as precluding the imported merchandise therein from being considered substantially complete bunk beds. For reasons to be discussed *infra*, we do not believe the absence of a brush, albeit a functionally essential part of an electric toothbrush, precludes the "Broxodent" device from being considered a substantially complete toothbrush.

Appellant concedes that the brush component comprises approximately one percent of the cost to it of the entire "Broxodent" electric toothbrush, and may be purchased at retail separately from the "Broxodent" device. In point of fact, all that is required to make the "Broxodent" device a complete electric toothbrush is a detachable brush. Moreover, one of appellant's witnesses, a product manager for appellant, on cross-examination, characterized, *inter alia*, the brushes as "accessories." Thus, we consider the "Broxodent" device to be a classic example of the type of merchandise to which Rule 10(h) was intended to apply.

Appellant relies on *Jack Schaefer, Inc. v. United States*, 11 Cust.Ct. 78, C.D. 798 (1943), as supportive of its position that the brushes are not only essential, but also substantial. There, the court decided that football cases and "Teth-R-Ball" cases, imported without rubber bladders, were not unfinished balls designed for use in physical exercise. *Jack Schaefer* is clearly distinguishable on its facts. There, the cost of the imported merchandise was approximately 45–50 cents each, while the cost of the finishing material was 18 cents for the football and 23 cents for the "Teth-R-Ball." The court viewed these costs for the finishing material as "not 'negligible,' but rather substantial." In contradistinction, the cost here for the missing part, *i. e.*, the brush, as discussed *supra*, is approximately one percent of the cost to appellant of a complete unit. Therefore, the cost of the missing part here is far less substantial in proportion to the total cost of the finished article than was the case in *Jack Schaefer*.

In further support of the conclusion that the "Broxodent" device was properly classified in item 750.40, TSUS, we note plaintiff's (appellant's) exhibit five, which consists of an agreement covering the manufacture and sale of the imported merchandise, dated March 30, 1970, between appellant and the manufacturer, Tavaro S.A. It states, in pertinent part:

> Whereas, Squibb is the exclusive proprietor of the . . . patents and trademark rights for the sale of an *electrically driven toothbrush device (hereinafter called the Broxodent Device)* and desires to purchase the Broxodent Device not including the brushes and the case from Tavaro and Tavaro is willing to manufacturer and sell the Broxodent Device to Squibb[.] [Emphasis added.]

While appellant's statement in this agreement equating the "Broxodent" device with an "electrically driven toothbrush device" does not act as an estoppel, we view it as evidence against appellant's contradictory claim.

Finally, we believe the legislative history of § 77 of the Tariff Schedules Technical Amendments Act of 1965, Pub.L.No. 89–241, 79 Stat. 933 (codified in 19 U.S.C. § 1202), is illuminating on the determination of the proper classification of the "Broxodent" device. It amended headnote 1(i) of schedule 7, part 8, subpart A, to read as follows:

> (i) mechanical combs, brooms, or brushes (*other than combs or brushes which are toilet articles*), or combs, brooms, or brushes which are parts of articles (other than toilet articles)[.] [Emphasized portion is the new language that was added by the 1965 amendment.]

In the report of the Senate Committee on Finance to accompany the Tariff Schedules Technical Amendments Act, S.Rep.No. 530, 89th Cong., 1st Sess. 33 (1965), the amendment to headnote 1(i) (then § 79) was described, in pertinent part, as follows:

> *Section 79. Electric toothbrushes.—* This section insures that electric toothbrushes and other mechanical combs and

brushes which are toilet articles will be classified as toilet articles. U.S.Code Cong. & Admin.News 1965, pp. 3416, 3448.

While the aforementioned legislative history does not elaborate on what was intended to be encompassed by the term "electric toothbrushes," it does, nonetheless, evince a clear Congressional intent that electric toothbrushes *qua* electric toothbrushes be classified under item 750.40, TSUS. *Accord*, H.R.Rep.No.342, 89th Cong., 1st Sess. 44 (1965). To classify the "Broxodent" device, which is a complete electric toothbrush in every respect except for the absence of an interchangeable brush of nominal value, in the basket provision of either items 688.-40 or 678.50, TSUS, instead of in the *eo nomine* provision for toothbrushes in item 750.40, TSUS, would, in our view, thwart a clear manifestation of Congressional intent.

Accordingly, for the reasons set forth herein, the judgment of the Customs Court is *affirmed.*

MILLER, Judge, concurring.

I agree with the result reached by the majority. However, it should be pointed out that in the *Authentic Furniture* case, *supra*, 486 F.2d at 1064, 61 CCPA at 7, the majority, without citation of authority stated:

> We consider the application of the test, whereby the absence of a substantial or essential part precludes classification as the unfinished article itself, to be well founded in the case law so ably discussed by the lower court and aptly followed in the present case.

My dissenting opinion there set forth the correct test, namely: the absence of a substantial *and* essential part.

The problem the majority now faces is that the "well founded" test it proclaimed in *Authentic* would, if applied, preclude classification of the merchandise in this case as the unfinished article, namely: "Tooth brushes." It is stuck with the Customs Court's finding, *supra* at 79 Cust.Ct. 1, C.D. 4705, 432 F.Supp. at 1356, that:

Both the Broxodent device and a brush are essential components of plaintiff's electric toothbrush.

The majority attempts to meet the problem by limiting its "well founded" test to situations where there is a competing parts provision. There being no competing parts provision here, it finds application of a test of substantiality alone to be proper. However, there is no logical basis or authority for such a distinction, and there is authority to the contrary. *See Twin Pin Co. of U.S.A. v. United States*, 24 Cust.Ct. 430, 431 (1950).

Instead of trying to distinguish the misstated and misapplied test set forth in *Authentic*, the majority would far better rest its decision on legislative intent, which is well and persuasively set forth in the opinion. Of course, the correct test stated in my dissenting opinion in *Authentic* would also support the decision.